Rosedale Dairy Company, Inc. v. Commissioner.
Rosedale Dairy Co. v. Commissioner
Docket No. 61886.
United States Tax Court
T.C. Memo 1957-243; 1957 Tax Ct. Memo LEXIS 1; 16 T.C.M. (CCH) 1121; T.C.M. (RIA) 57243; December 31, 1957
*1 During the years in issue the petitioner sold milk to some of its customers at prices below the minimum price set by the Milk Commission of Virginia pursuant to an agreement with such customers that they would pay the regulated price for the milk and that petitioner would rebate to them the difference between such regulated price and the agreed-upon sale price. It included the full amount received from its customers in income and claimed a deduction on its returns for the amount of the rebates as "freight and hauling" expenses. The respondent disallowed the deductions. Held, the amount of the rebates did not constitute income to petitioner when originally received, and should not have been reported by it as income. Pittsburgh Milk Co., 26 T.C. 707 (1956), followed. T. L. Sawyer, Esq., 203 Granby Street, Norfolk, Va., for the petitioner. Marion B. Morton, Esq., for the respondent. RICE
involves deficiencies in income tax for petitioner's fiscal years ended July 31, 1952 and July 31, 1953, in the respective amounts of $7,061.81 and $9,325.62. The only issue is whether rebates which petitioner made to certain customers, in violation of the minimum *2 price regulations of the Milk Commission of Virginia, constituted income when originally received or were otherwise deductible as ordinary and necessary business expenses. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioner is a Virginia corporation organized in 1922 with its principal office at Norfolk. During the years in issue it kept its books and filed its returns on an accrual basis with the director of internal revenue at Richmond. During the years in issue petitioner was engaged in the business of selling and distributing milk and milk products at wholesale and retail in the Norfolk and Newport News, Virginia, areas. In 1934 the Virginia legislature enacted a statute which gave the Milk Commission of Virginia the authority to establish maximum and minimum prices at which distributors such as petitioner could sell milk. During the years in issue the Milk Commission established only the minimum price which distributors were allowed to charge for milk. Because of competitive conditions in the area in which petitioner did business, it knowingly and willfully violated the minimum *3 price regulations of the Milk Commission by agreements with certain of its customers to sell them milk at less than the minimum price. The arrangement whereby petitioner so violated the minimum price regulations of the Milk Commission was that the customers paid petitioner the full regulated minimum price and subsequently received an agreed-upon cash rebate. Petitioner made the rebates to its customers approximately one month following the sale and receipt of the purchase price. Petitioner handled the rebate payments on its books by including in income the entire amount received from the customer and then charging the amount of the rebate to "hauling expense." On its income tax returns for the years in issue it deducted the respective amounts of $19,345.00 and $24,289.50 as "Freight and Hauling" expenses. Such amounts, in fact, represented the rebates paid to its customers in violation of the minimum price regulations of the Milk Commission. The respondent disallowed the deduction of such payments. On June 13, 1955, the Supreme Court of Appeals of Virginia, in , held that the Milk Commission had no authority *4 to fix only a minimum price for milk, and directed the Commission to correct and amend its regulations by fixing both the minimum and maximum wholesale and retail price for milk. Opinion RICE, Judge: In opposing the respondent's disallowance of the deductions of the rebates from gross income, the petitioner first argues that the amount of those rebates did not constitute income to it in the first place and should not have been included and reported as income, on the authority of . In that case, on facts identical with those here, we held that the amount of the rebates which the taxpayer there paid to its customers did not constitute income, and said, at page 716: "If the corporation had, entirely apart from the allowances and book entries which it employed, actually sold a given quantity of milk for $9 cash, in willful disregard of a minimum price of $10 fixed by the Milk Control Commission, there can be no doubt that any gain or profit resulting from such sale would have to be computed, for income tax purposes, with respect to the actual $9 selling price, and not with respect to some greater price for which the milk might have *5 been, but was not, sold. * * * "It is our opinion that such income tax result is the same where the parties, after having agreed between themselves that the milk would be sold and purchased for the price of $9, deliberately masked and concealed the true character of the transaction from the Milk Control Commission, by having the purchaser first deliver its check for $10 to the seller, and then having the seller issue a counter-check for $1 to the purchaser, in order to arrive at the agreed selling price. In this situation, the seller did not receive the extra $1 beneficially or under any claim of right, but merely as a deposit which was to be returned in all events. We voice no approval of the business ethics of such concealment; but as the Supreme Court said in 'Moral turpitude is not a touchstone of taxability.'" The respondent acknowledges on brief that the question raised here was decided by the Court in the Pittsburgh Milk Co. case, and simply argues that our decision there was wrong. We think we were right and hold here that the amount of the rebates which the petitioner received, and subsequently refunded to its customers, *6 did not constitute income to it when originally received and should not have been included by it in computing and reporting its gross income. See . Having reached that conclusion, we do not consider the alternative argument which petitioner raised to the effect that the decision of the Supreme Court of Appeals of Virginia, in , had the effect of holding the minimum price regulations of the Milk Commission to be invalid, and that it therefore could not have violated such regulations, in contravention of any sharply defined State policy. So also we do not consider the arguments which petitioner raised to the effect that the amount of the rebates otherwise constituted ordinary and necessary business expenses which were properly deductible in computing its income. Decision will be entered under Rule 50.